## Clement Trust

*G. Selden Pitt, Clark, Ladner, Fortenbaugh & Young,* for accountants.

*Marlyn F. Smith, High, Swartz, Roberts & Seidel* and *William C. Hamilton, Fell and Spaulding,* for settlor and beneficiary.

*William F. Fox, Fox, Differ, DiGiacomo & Lowe* and *Robert Montgomery Scott, Montgomery, McCraken, Walker & Rhoads,* for assignee and beneficiaries.

TAXIS, P. J., January 18, 1968. — The account of Girard Trust Bank (formerly known as Girard Trust Corn Exchange Bank) and John R. Young, trustees under Deed of Trust dated May 9, 1958, was examined and audited by the court on December 15, 1967.

The reason or purpose for the filing of the account is to obtain approval of the administration of the trust to date, and more particularly to obtain the approval of this court of certain disbursements which trustees desire to make at the request of settlor, provided such approval can be obtained. The first relates to the validity of an irrevocable assignment of settlor's income under this trust executed by settlor on September 30, 1966, as part of a settlement agreement with Barbara F. S. Clement, his then wife. Article Seventh of the trust indenture, executed by settlor on May 9, 1958, includes a conventional spendthrift clause, and Article Tenth declares the indenture to be irrevocable. The trustees take the position that the assignment by settlor is effective to assign current income from the trust for the purposes of the settlement agreement, as the irrevocability of the assignment is not presently before the court. In approving trustees' position according to the principles set forth in Williams Estate, 8 D. & C. 2d 284, 290, we also observe that there is not before the court the question of the enforceability of this assignment by the assignees, which is another issue raised by the assignment. However, we hold that such assignment will effectively release trustees from possible liability stemming from the payment of income currently to the assignee of the settlor. . . .

And now, January 18, 1968, this adjudication is confirmed nisi.